UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:25-cv-00372-JAR |
| DR. KEITH ODEGARD and ST. LOUIS ORTHOPEDIC INSTITUTE, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Sidney Keys, Sr. has filed a civil complaint and Application to Proceed in District Court Without Prepaying Fees or Costs. The Court has reviewed the Application and will grant it. The Court has also reviewed the complaint and will dismiss it as frivolous and deny as moot Keys's motion to appoint counsel.

### Legal Standard

Federal law requires this court to review a complaint filed *in forma pauperis*, and dismiss it if (among other reasons) it is frivolous. 28 U.S.C. § 1915(e)(2). "[A] complaint ... is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Accordingly, the Court may dismiss claims whose factual contentions are "clearly baseless," *id.* at 327, including those "allegations that are 'fanciful, fantastic, [or] delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 328). Although "[a]n *in forma pauperis* complaint may not be dismissed ... simply because the [C]ourt finds the plaintiff's allegations unlikely," "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Federal district courts must liberally construe a layperson's filings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even a layperson must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**The Complaint**

Keys has filed numerous meritless lawsuits in this Court. In the instant complaint, he identifies himself as a Missouri resident and he appears to identify the defendants as Missouri residents. He claims this Court has federal question jurisdiction over this action because his claims involve "civil rights and human rights violation medical castration of my genital area – penis." (ECF No. 1 at 3). In the Civil Cover Sheet filed with the complaint, Keys identifies his cause of action as "Medical Hate Crime." (ECF No. 1-1). He alleges as follows.

In February of 2010 at the St. Louis Orthopedic Institute, Dr. Odegard told Keys that he had a torn right rotator cuff, but did not perform radiological studies. On March 18, 2010, Dr. Odegard "performed a supposed tear in my right shoulder at the Mason Surgery Center in West County Missouri at 10:00 pm at night when the clinic was actually closed." (ECF No. 1 at 5). Keys writes:

> Dr. Keith Odegard illegally medically castrated my penis genital area, cut my right bicep which was nowhere near my right upper [illegible] Dr. Odegard put some type of wire in my left ear, a golf ball size device in my left rib cage and compromise my nasal cavity and I had to wear a mask over my nose because when I smelled certain perfumes, hand sanitizers, x-spray body cologne, [illegible] and bleach, when I smelled these fragrance my lungs would hurt with extreme inner pain where I had to grab and hold my rib cage.

*Id.* (cleaned up). At midnight, two individuals drove Keys home. As relief, Keys seeks "Whatever the jury awards." *Id.* at 4.

Provided with the complaint is a 2010 letter from West County Physicians concerning Keys's psychological condition and ability to work. (ECF No. 1-3). Keys annotated the letter with various statements. He does not explain the letter's relevance to the complaint.

## Discussion

Having reviewed and liberally construed Keys's complaint, the Court finds that his allegations contain no claims over which the Court may exercise jurisdiction. Instead, Keys makes "clearly baseless" allegations that do not appear grounded in reality. *Neitzke,* 490 U.S. at 327. Keys describes a bizarre late-night surgery in a closed clinic during which Dr. Odegard castrated him and put a wire in his ear and a device in his rib cage, among other things, and then two people drove him home at midnight. The Court finds Keys's allegations delusional, "ris[ing] to the level of the irrational or wholly incredible." *Denton,* 504 U.S. at 33. The Court therefore deems Keys's complaint "frivolous" because it "lacks an arguable basis . . . in law or in fact." *Neitzke,* 490 U.S. at 325. The Court finds there could be no non-frivolous basis to argue that Keys's allegations stated a valid claim for relief, and will therefore certify that an appeal would not be taken in good faith. Finally, the Court will deny as moot Keys's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Sidney Keys, Sr.'s Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice. A separate order of dismissal accompanies this Memorandum and Order.

**IT IS FURTHER ORDERED** that Sidney Keys, Sr.'s motion to appoint counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 16th day of April, 2025.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE